UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MIGUEL ERAZO-CALIX,<br><br>Defendant. | Case No. 1:24-cr-00150-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Luis Miguel Erazo-Calix's Motion to Revoke the Temporary Order granting the Government's motion for a detention hearing. (Dkt. 23). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court denies Erazo-Calix's motion and sustains the detention order.

### I.   BACKGROUND

In June 2024, a grand jury indicted Erazo-Calix for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. (Dkt. 2). After Erazo-Calix's arrest, the Government filed a motion on July 26 for detention, alleging Erazo-Calix posed a serious risk of flight under 18 U.S.C. § 3142(f)(2)(A). (Dkt. 5). In support, the Government argued "the bar to grant a hearing is low given the burden of proof at the hearing is a preponderance of evidence." (*Id.* at p. 2). Further, the Government cited *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131 (2023), a

**MEMORANDUM DECISION AND ORDER - 1**

decision authored by the Honorable Raymond E. Patricco, Chief Magistrate Judge for the District of Idaho, which outlines the factors the court should consider in determining whether to grant a detention hearing under § 3142(f)(2)(A). (Dkt. 5 at p. 2). Relying on Judge Patricco's analysis in *Figueroa-Alvarez*, the Government argued Erazo-Calix poses a serious risk of flight. (Dkt. 5 at pp. 3-4).

On July 29, 2024, the Magistrate Court arraigned Erazo-Calix and addressed the Government's motion for a detention hearing. (Dkt 16). Both the Government and Erazo-Calix's counsel presented oral argument and addressed the factors outlined in the *Figueroa-Alvarez* analysis. (*See generally* Dkt. 16). Also, Erazo-Calix submitted five exhibits, including a pretrial services report. (Dkts. 7-1 – 7-5). Before ruling on the Government's motion for a detention hearing, the Magistrate Court explained that "it's the government's burden to demonstrate [a serious risk of flight] by a preponderance of the evidence" (Dkt. 16 at p. 9), and it considered the factors outlined in the *Figueroa-Alvarez* analysis. (Dkt. 16 at pp. 23-27). At the conclusion of the hearing, the Court found a detention hearing was appropriate, entered an order scheduling a detention hearing, and held the detention hearing on August 5, 2024. (*Id.* at pp. 27-28; Dkt. 13; Dkt. 18). At the detention hearing's conclusion, the Court entered a detention order. (Dkt. 19).

Three weeks after the Magistrate Court entered the detention order, Erazo-Calix appealed the Court's decision to grant a detention hearing. (Dkt. 23). In support, Erazo-Calix argues the Government "was not entitled to a detention hearing." (*Id.* at p. 21. ) On this basis, he requests this Court revoke the detention order and release him. (*Id.*).

## II.  LEGAL STANDARD

Erazo-Calix brings this challenge under 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The

MEMORANDUM DECISION AND ORDER - 2

district court must "promptly" determine the motion. 18 U.S.C. § 3145(b). A district court reviews the magistrate judge's order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case," and therefore, it is not required to "proceed as if the magistrate's decision and findings did not exist." *Id*. Still, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.*

### III.    ANALYSIS

#### A.  The Bail Reform Act

The Bail Reform Act of 1984 outlines procedures for detaining a defendant pending trial. 18 U.S.C. § 3142(c), (e)-(f). Upon the Government's motion, the court—usually a magistrate judge—will first determine if a detention hearing is authorized under the Act. 18 U.S.C. § 3142(f). This initial determination "limit[s] the circumstances under which [pretrial] detention may be sought." *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019). The court may only grant the Government's motion for a detention hearing if: (1) the defendant is charged with one of five serious crimes in § 3142(f)(1); (2) poses a serious risk of flight under § 3142(f)(2)(A); (3) or poses a serious risk of obstruction or intimidation under § 3142(f)(2)(B). Absent one of these conditions, the court will deny the Government's motion for a detention hearing.

In this case, Erazo-Calix was indicted for illegally reentering the United States after removal in violation of § 1326. This charge is not one of the five serious crimes enumerated under § 3142(f)(1). Accordingly, the Government is only entitled to a detention hearing if Erazo-Calix poses a serious risk of flight, obstruction, or intimidation. Before the Magistrate Court, the Government asserted Erazo-Calix poses a serious risk of flight under § 3142(f)(2)(A).

Neither the Supreme Court nor the Ninth Circuit have outlined the factors to consider in determining a serious risk of flight under § 3142(f)(2)(A). Although the Ninth Circuit in *United*

MEMORANDUM DECISION AND ORDER - 3

*States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015), identified the factors to consider in determining the risk of non-appearance under § 3142(g), the text of § 3142 suggests risk of flight under § 3142(f)(2)(A) is narrower than a risk of non-appearance under § 3142(g), as the Magistrate Court noted in *Figueroa-Alvarez*, 681 F. Supp. 3d at 1137 (citing *United States v. White*, No. 3:21-mj-04070, 2021 WL 2155441, at *8 (M.D. Tenn. 2021)). Recognizing this difference between the risk of non-appearance and of flight, the Court in *Figueroa-Alvarez*, 681 F. Supp. 3d at 1140, carefully and thoroughly outlined the analysis for determining a serious risk of flight under § 3142(f)(2)(A).

In *Figueroa-Alvarez*, the Magistrate Court applied the preponderance of evidence standard, ruling that to show a serious risk of flight under § 3142(f)(2)(A), the Government must demonstrate only that it is more likely than not there is a serious *risk* the defendant will flee—not that it is more likely than not the defendant *will* flee. *Figueroa-Alvarez*, 681 F. Supp. 3d at 1138. To meet this burden, the Court ruled that "the Government must present 'concrete information' not 'mere conclusory allegations.'" *Id.* Relying in part on *Santos-Flores*, the Court identified four common factors, and related subfactors, for consideration in determining whether a defendant poses a serious risk of flight but noted that the analysis is based on the totality of evidence and that no one factor is dispositive. *Figueroa-Alvarez*, 681 F. Supp. 3d at 1140 (citing Lauryn P. Gouldin, *Defining flight Risk*, 85 U. Chi. L. Rev. 677, 703-04 (2018)).

Under the *Figueroa-Alvarez* analysis, the court considers a defendant's incentives to flee based on the potential punishment and the weight of evidence against the defendant. *Id.* at 1141. The weight of the evidence, however, is "the least persuasive factor" because it "must acknowledge the defendant's pretrial presumption of innocence." *Id.*; *see also United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985) (requiring consideration of presumption of innocence).

Regardless, "the weight of the evidence in most § 1326 prosecutions is strong" because a defendant may not challenge his prior removals from the United States without proof he previously exhausted his administrative remedies; this required showing makes defending against a § 1326 charge difficult. *Figueroa-Alvarez*, 681 F. Supp. 3d at 1141. Further, although a defendant's "dangerousness" is not relevant, defendants with a "significant" criminal history may face years of imprisonment for violating § 1326, providing a greater incentive to flee. *Figueroa-Alvarez*, 681 F. Supp. 3d at 1142.

Further, under the *Figueroa-Alvarez* analysis, the court considers the defendant's ability to flee, including whether he has finances to fund flight, access to fraudulent identity documents to facilitate "clandestine travel," and ties to persons who could assist his flight. *Id.* The court also considers the defendant's ties to the jurisdiction and to the United States, including the defendant's length of residence, his community ties, his ability to earn an income legitimately, and the presence of his family members. *Id.* Finally, the court considers a defendant's reliability and trustworthiness. Factors bearing on these characteristics include whether the defendant has previously violated the terms of supervised release, parole, or probation; whether he has disregarded a court order to appear at a designated time and place; and whether he abuses alcohol or controlled substances. *Id.* at 1144-45.

B. **Challenge to Figueroa-Alvarez**

As an initial matter, the Court addresses the Government's argument that this Court should "overrule" *Figueroa-Alvarez* because it requires proof by a preponderance of evidence that the defendant poses a serious risk of flight. (Dkt. 24 at pp. 3-6). The Government asserts this standard imposes a "two-tiered hearing-within-a-hearing procedure." (*Id.* at p. 6). More specifically, the Government argues two lines of authority exist—namely, one requiring the Government only to

proffer evidence of a serious risk of flight and another requiring a showing of such a risk by a preponderance of evidence. *Compare Watkins*, 940 F. 3d at 158 ("[T]he Government must establish by a preponderance of the evidence that it is entitled to a detention hearing.") *with United States v. Singleton*, 182 F.3d 7, 12 (D.C. 1999) ("[A]n order to hold a hearing is based on a proffer of what the hearing might establish."). The Government urges this Court to adopt a lesser burden than a preponderance of evidence.

This Court, however, declines to disturb the *Figueroa-Alvarez* analysis.[1] Ninth Circuit authority indicates *Figueroa-Alvarez* correctly identifies the appropriate standard for determining a risk of flight as a preponderance of the evidence. *See Santos-Flores*, 794 F.3d at 1090 ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of evidence that the defendant poses a risk of flight."); *Motamedi*, 767 F.2d at 1407 ("[W]e conclude that the congressional silence with regard to the applicable standard of proof in demonstrating a risk of flight is the preponderance of evidence."). Moreover, a preponderance of evidence standard gives effect to the "vital liberty interest" at stake in hearings on pretrial detention. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 716-17 (1990); *Figueroa-Alvarez*, 681 F. Supp. 3d at 1139. Also, other courts have adopted this standard for similar reasons. *See, e.g.*, *United States v. Wilson-Bey*, No. 2:21-cr-00306-GMN-NJK, 2022 WL 1217188, at *3 (D. Nev. Apr. 25, 2022) (preponderance of evidence standard to determine serious risk of intimidation under § 3142(f)(2)(B)); *United States v. Villatoro-Ventura*, 330 F. Supp. 3d 1118, 1124 (N.D. Iowa 2018)

---

[1] The Court notes that in the Government's motion for detention (Dkt. 5) and at the arraignment hearing (Dkt. 16), the Government did not argue the Magistrate Court should apply a standard other than articulated in *Figueroa-Alvarez*. Rather, the Government cited and relied on that decision. (Dkt. 5 at p. 2) (citing decision). Generally, a party must ensure an issue was presented to, considered by, and decided by the court before challenging that decision. *See, e.g.*, *Honcharov v. Barr*, 924 F.3d 1293, 1295 (9th Cir. 2019) (noting doctrines of waiver and forfeiture preserve integrity of appellate structure). The Government's failure to raise its challenge to *Figueroa-Alvarez* is an independent basis to reject that challenge.

**MEMORANDUM DECISION AND ORDER - 6**

(applying preponderance of evidence standard for Government's motion seeking detention hearing).

Contrary to the Government's argument, the standard does not impose a "two-tiered hearing-within-a-hearing procedure." (Dkt. 24 at p. 4). The Act's plain text envisions only one hearing must take place. 18 U.S.C. § 3142(f) ("The judicial officer shall hold *a hearing* . . . ."). Although the two-step inquiry under § 3142(f) can occur in a single detention hearing, *see, e.g.*, *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023), the Ninth Circuit has not imposed any requirement to hold two separate hearings, and a preponderance of evidence standard does not require two hearings. Rather, *Figeuroa-Alvarez* requires only "concrete information" versus "mere conclusory allegations" to meet the standard for a detention hearing. 681 F. Supp. 3d at 1138.

### C. A Detention Hearing Was Appropriate

Erazo-Calix argues the Government failed to show he has an incentive to flee; he is capable of fleeing; he has insufficient ties to the United States; and he is not reliable and trustworthy. (Dkt. 23 at pp. 11-20). The Court disagrees and concludes the Magistrate Court correctly ruled a detention hearing was appropriate because the Government proved by a preponderance of evidence that Erazo-Calix poses a serious risk of flight.

As the Magistrate Court found, the evidence shows Erazo-Calix has an incentive to flee. Although a defendant is presumed innocent, *Motamedi*, 767 F.2d at 1407-08, if the weight of evidence against the defendant is strong, then he may perceive a likelihood of conviction, which suggests a greater incentive to flee. *Figueroa-Alvarez*, 681 F. Supp. 3d at 1141. Here, the evidence in support of a conviction is strong. The grand jury considered the evidence and found probable cause to indict Erazo-Calix. This evidence includes fingerprint evidence matching Erazo-Calix with his prior deportations. (Dkt. 5 at p.2). Further, the parties agree the Sentencing Guidelines

MEMORANDUM DECISION AND ORDER - 7

indicate a sentence of 15 to 21 months without acceptance of responsibility. (Dkt. 16 at pp. 9-10). Although this range is only a starting point, as Erazo-Calix notes, a sentence within the 15-to-21-month range is likely based on his criminal history unless he accepts responsibility. (Dkt. 16 at pp. 9-10). These facts demonstrate an incentive to flee.

Further, the evidence shows Erazo-Calix struggles with reliability and trustworthiness. Numerous facts support this conclusion. For example, Erazo-Calix has multiple illegal reentries after his removal from the United States. As the pretrial services report shows, he was arrested in 2010 and again in 2011 as an inadmissible alien. (Dkt. 7-5 at p. 2). Then in 2017 and again in 2018, he was convicted of reentry of a removed alien. (*Id.* at p. 3.). Further, his 2018 conviction was a violation of his terms of supervised release for the 2017 conviction. (Dkt. 23-3). Although Erazo-Calix argues his history of repeatedly returning to the United States unlawfully indicates a "desire to return" to Idaho and not to flee (Dkt. 23 at p.3), this argument is unconvincing both because it ignores his flagrant disregard for the law and because he could flee in violation of pretrial release but still remain in the United States.

Erazo-Calix also has a history of other criminal activity while in Idaho. In 2021, he was charged with possession of a controlled substance and drug paraphernalia, and in 2022, he was charged with possession of marijuana and drug paraphernalia. (Dkt. 7-5 at p. 3). In both cases, he failed to appear. (*Id.*). From August 2022 until August 2023, he was subject to a protection order for stalking or threatening a neighbor. (Dkt. 7-4). In April 2024, he was again charged with possession of marijuana. (Dkt. 7-5 at p. 3). These multiple instances of disregarding the law and violating court orders demonstrate Erazo-Calix is unreliable and untrustworthy and are predictive of a serious risk of flight. *See Figueroa-Alvarez*, 681 F. Supp. 3d at 1144 ("[P]rior instances of

**MEMORANDUM DECISION AND ORDER - 8**

disregarding or violating court orders may be predictive of flight insofar as they demonstrate that the defendant is not reliable or trustworthy.").

Because no single factor is dispositive, the Court does not need to consider every factor identified in *Figueroa-Alvarez*. Regardless, the record contains inadequate information regarding Erazo-Calix's finances to determine whether he is capable of fleeing. The Court notes, however, that Erazo-Calix has strong family connections in both Idaho and Honduras. This latter factor indicates Erazo-Calix could flee.

Based on these facts and having conducted a *de novo* review of the record in this matter, the Court concludes concrete information was produced showing the Government met its burden and proved by a preponderance of evidence that Erazo-Calix poses a serious risk of flight. Thus, the Court denies the Motion to Revoke Detention Order (Dkt. 23), and the Order of Detention (Dkt. 19) remains in effect.

## IV.   ORDER

**IT IS ORDERED that:**

1. The Motion to Revoke Detention Order (Dkt. 23) is **DENIED**.

DATED: October 16, 2024

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge